IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Equal Employment Opportunity )
Commission, )
 )
      Plaintiff, )
 )
and )
 )
Vickie Clark, Lauren Hurst, Tia Jenkins, )
Madison Miller, Megan O'Brien, Ashley )
Quigley, Lindsey Quigley, Tracy Quigley, )  No. 17-cv-1002-DRH-DGW
Charles Schlottner, Robert Strasen, as )
Special Administrator for the Estate of )  **JURY TRIAL DEMANDED**
Nikki Strasen, and Donna Warnecke, )
 )
      Plaintiff-Intervenors, )
 )
vs. )
 )
2098 Restaurant Group, LLC; )
2103 Restaurant Group, LLC; )
Khalid Ramadan, individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Rami Ramadan individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Bassam Ramadan individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Ernesto Xivir individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Humberto Cudena individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Judy Lepping individually and as )
Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; )
Nader Awwad individually and as )

1

Agent of 2098 Restaurant Group, LLC and )
2103 Restaurant Group, LLC; International )
House of Pancakes, LLC, )
)
      Defendants. )

## COMPLAINT IN INTERVENTION

### I.  Jurisdiction and Venue

1.      This court has jurisdiction over Counts I and II based on 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) as this is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). This court has jurisdiction over Count III based on 28 U.S.C. § 1367 (supplemental jurisdiction) certain plaintiff-intervenors' claims under the Illinois Gender Violence Act, as those claims are so related to plaintiffs' claims in Counts I and II that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff-intervenors anticipate adding claims under the Illinois Human Rights Act when the Illinois Department of Human Rights notifies plaintiff-intervenors of the rights to file suit. Jurisdiction over those counts will also be based on 28 U.S.C. § 1367 (supplemental jurisdiction).

2.      Venue is proper in the Southern District of Illinois under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) as the acts were committed within the jurisdiction of this court.

## II. <u>Parties</u>

### A.     <u>Plaintiff and Plaintiff-Intervenors</u>

3.      The Equal Employment Opportunity Commission ("EEOC") is the original plaintiff in this action.

4.      Plaintiff-intervenors Vickie Clark, Lauren Hurst, Tia Jenkins, Madison Miller, Megan O'Brien, Ashley Quigley, Lindsey Quigley, Tracy Quigley, Charles Schlottner, Robert Strasen as Special Administrator for the Estate of Nikki Strasen, and Donna Warnecke are aggrieved parties in the EEOC Complaint and are therefore intervenors as of right in the EEOC's complaint pursuant to 42 U.S.C. § 2000e-5(f)(1).

### B.     <u>Defendants</u>

5.      Defendant 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC are defendants in the EEOC's original action and are employers within the meaning of Title VII in that they have continuously had at least 15 employees.

6.      Khalid Ramadan ("K. Ramadan") owns and oversaw the operations of multiple International House of Pancake restaurants (IHOP) listed below, where he implement the personnel policies, including policies relating to sexual harassment and where he was responsible for the enforcement of those policies:

       a.    2098 Restaurant Group, LLC in Glen Carbon Illinois ("Glen Carbon IHOP"), which K. Ramadan ran with the assistance of his brother, Rami Ramadan. (R. Ramadan);

    b. 2103 Restaurant Group, LLC, in Alton, Illinois ("Alton IHOP"), which

        K. Ramadan ran with the assistance of his cousin, S. Ramadan;.

    c. R & R Restaurant Group, Inc. in O'Fallon, Illinois;

    d. Twin Restaurant Group, Inc. in Decatur, Illinois;

    e. 5334 Restaurant Group, Inc. in Kansas City, Missouri;

    f. K & R Restaurant Group, Inc. in O'Fallon, Missouri;

    g. Sara, Inc in Saint Peters, Missouri which K. Ramadan owned jointly,

        prior to January 2016, with his relative R. Ramadan;

    h. Jenna, Inc. in Wentzville, Missouri which K. Ramadan owned jointly,

        prior to January 2016, with his relative R. Ramadan.

7.     Each corporation listed in the preceding paragraph was, at all relevant times, an employer within the meaning of Title VII in that it employed at least 15 employees during each of 20 weeks of the relevant calendar years.

8.     K & R Investment Group, LLC is a Missouri limited liability company owned by K. Ramadan. Upon information and belief, K. Ramadan operates this entity to manage the Glen Carbon, Alton, Decatur, and O'Fallon, Illinois IHOPs. Prior to January 2016, K. Ramadan and R. Ramadan each owned 50% of this entity.

9.     K. Ramadan's IHOP businesses and restaurants identified in Paragraph 6 above were covered by a single umbrella insurance policy.

10.    K. Ramadan was during all relevant times an owner, operator, agent,

and employee of the aforementioned entities.

11.    K. Ramadan is named in his individual capacity and as an agent of the aforementioned entities.

12.    Rami Ramadan ("R. Ramadan") was during all relevant times an employee and manager of K. Ramadan's Glen Carbon, Illinois IHOP (Store 2098).

13.    R. Ramadan is named in his individual capacity and as an agent of Defendants K. Ramadan and 2098 Restaurant Group, LLC.

14.    Bassam Ramadan ("Sam") was during all relevant times an employee and manager of K. Ramadan's Alton, Illinois IHOP (Store 2103).

15.    Sam is sued in his individual capacity and as an agent of Defendants K. Ramadan and 2103 Restaurant Group, LLC.

16.    Ernesto Xivir ("Garrison") was during all relevant times an employee of Defendant K. Ramadan's Glen Carbon, Illinois IHOP (Store 2098).

17.    Garrison is named in his individual capacity and as an agent of Defendants K. Ramadan and 2098 Restaurant Group, LLC.

18.    Humberto Cudena ("Humberto") was during all relevant times an employee of Defendant K. Ramadan's Glen Carbon, Illinois IHOP (Store 2098).

19.    Humberto is named in his individual capacity and as an agent of Defendants K. Ramadan and 2098 Restaurant Group, LLC.

20.    Judy Lepping was during all relevant times an employee and manager of K. Ramadan's Glen Carbon, Illinois IHOP (Store 2098).

21.     Judy Lepping is named in her individual capacity and as an agent of Defendants K. Ramadan and 2098 Restaurant Group, LLC.

22.     Nader Awwad ("N. Awwad") was during all relevant times an employee and manager of K. Ramadan's Glen Carbon, Illinois IHOP (Store 2098).

23.     N. Awwad is named in his individual capacity and as an agent of Defendants K. Ramadan and 2098 Restaurant Group, LLC.

24.     International House of Pancakes, LLC ("IHOP, LLC") is a corporation registered under the laws of the State of Delaware and engaged in business and advertising within the State of Illinois.

### III.     Factual Allegations

### A.     Glen Carbon, Illinois IHOP (Store 2098)

25.     Defendants created a hostile work environment for female employees, including plaintiff-intervenors, based on the female employees' gender at the Glen Carbon IHOP, as described in Part III.A. of this Complaint. Multiple men subjected female employees to unwelcome, offensive sexual comments and touching, with management participating in the conduct or failing to act to prevent, stop, or correct such conduct, despite notice. The women listed in Part III.A of this Complaint experienced the harassment both as direct victims of the harassment and as witnesses to the environment created by defendants.

26.     Defendants retaliated against employees for opposing conduct they reasonably believed violated Title VII by taking actions to discourage persons

from making or enforcing Charges of Discrimination. As described in the suc-
ceeding paragraphs, when plaintiffs rejected sexual advances or otherwise op-
posed conduct they reasonably believed violated Title VII by calling IHOP head-
quarters or filing Charges, defendants created a climate of fear by demoting, re-
ducing work hours, firing, and constructively discharging employees.

### a. Vickie Clark

27.      Vickie Clark worked as a waitress at the Glen Carbon IHOP.

28.      During the course of Clark's employment, a coworker, Ernesto Xivir
("Garrison"), made repeated sexually offensive statements to Clark, such as ask-
ing her to kiss him and telling her he wanted to [sexually explicit noises] her
while rubbing his body against hers.

29.      Garrison and another employee, Humberto Cudena ("Humberto"),
called Clark a slang name that Clark understood to mean "whore."

### b. Lauren Hurst

30.      Lauren Hurst worked as a waitress at the Glen Carbon IHOP.

31.      During the course of Hurst's employment, Garrison and Humberto
made repeated offensive sexual statements to Hurst, such as "I love you, are you
going to repeat it back to me?" and called her a word which she believed meant
"whore" or "bitch" in Spanish.

32.      Hurst complained about the conduct to manager, Judy Lepping, who
sometimes told Humberto and Garrison to knock it off, but then hugged them

and laughed. Lepping told the female employees to let it go.

33.      Hurst also complained to Rami Ramadan, who did nothing about Hurst's complaints.

34.      Hurst saw Garrison and Humberto try to hug other female employees and saw the other female employees try to reject those advances.

35.      Shortly after Hurst filed her Charge of Discrimination, defendants began reducing her hours which, along with its failure to act on complaints of harassment and tolerance of the hostile work environment, led to her constructive discharge.

## c. Tia Jenkins

36.      Tia Jenkins worked as a waitress at the Glen Carbon IHOP.

37.      During the course of Jenkins's employment, Garrison and Humberto made repeated, unwanted, sexual advances towards Jenkins and Jenkins observed Garrison and Humberto engage in the same type of behavior towards other female employees.

38.      Garrison hugged Jenkins, grabbed her buttocks, and tried to rub his face on Jenkins's breasts. Garrison tried to stick his hands down Jenkins's pants.

39.      Humberto made sexually explicit gestures towards Jenkins, hugged her, and tried to grab her buttocks.

40.      When Jenkins complained to R. Ramadan, he responded: "That's just

how they play."

41.     Shortly after Jenkins filed her Charge of Discrimination, defendants fired her.

### d. Madison Miller

42.     Miller was a waitress at the Glen Carbon IHOP while she was a teenager.

43.     During the course of Miller's employment, Miller was subjected to multiple incidents of offensive unwanted sexual conduct by a coworker and managers.

44.     Miller's coworker, Nader Awwad, made repeated sexual statements to Miller and exposed his genitals to her. On one of these occasions, Nader exposed his erect penis to Miller and forced Miller's head down in what appeared to Miller to be an attempt to force her to perform oral sex. Miller resisted. After repeated efforts to force Miller's head onto his penis, Nader stopped, saying there was no point if "you aren't going to enjoy it."

45.     R. Ramadan, K. Ramadan, and Nader Awwad repeatedly came up behind Miller while she was working at the cash register and would rub their genitals on her buttocks.

46.     Miller was constructively discharged because of the conduct of the aforementioned defendants.

### e. Megan O'Brien

47.     Megan O'Brien worked as a waitress at the Glen Carbon IHOP.

48.     During O'Brien's employment, coworker Garrison repeatedly subjected O'Brien to offensive, unwanted physical contact based on O'Brien's gender. Garrison grabbed O'Brien's buttocks and forcibly pulled O'Brien into a prep station to try to hug her.

49.     Garrison repeatedly asked O'Brien for sex and said he wanted to masturbate in front of her.

50.     O'Brien complained to manager R. Ramadan about Garrison's conduct. R. Ramadan said he would take care of the situation, but Garrison's harassment continued.

51.     O'Brien complained to manager Judy Lepper. Lepper told O'Brien to ignore Garrison.

52.     In late April or early May, 2013, when the conditions created by this hostile work environment became so intolerable that O'Brien felt unsafe and that there was no other recourse, O'Brien resigned, having been constructively discharged by defendants' tolerance of the gender-based hostile working environment.

### f. Ashley Quigley

53.     Ashley Quigley worked as a waitress at the Glen Carbon IHOP.

54.     During the course of Ashley Quigley's employment, supervisor Rami

Ramadan subjected Ashley Quigley to offensive, unwanted sexual touching based on Ashley Quigley's gender. R. Ramadan put his hand on Ashley Quigley's buttocks.

55.     Ashley Quigley saw Rami Ramadan subject other female employees to offensive, unwanted sexual touching further creating a hostile working environment for Ashley Quigley.

56.     On multiple occasions Rami Ramadan and coworkers Garrison and Humberto made sexual comments towards Ashley Quigley.

57.     Garrison made comments such as "I have gravy," while shaking his penis.

58.     Ashley Quigley observed Garrison's conduct towards other waitresses and towards her. When the waitresses asked for a banana, Garrison put the banana in the window along with grapes to simulate a penis and testicles. Garrison repeatedly tried to go into the cooler with waitresses. Because of Garrison's conduct, waitresses altered their behavior and started going into the cooler in couples to protect themselves. When waitresses walked past Garrison, he would try to touch them, making comments such as "Ooooh, sexy mama."

59.     When waitresses walked past Garrison, he reached out in an attempt to touch them, created a "tableau" out of a banana and grapes; Ashley Quigley also observed these men make sexual comments towards her female coworkers.

60.     In around March 2013, R. Ramadan returned to the store for some

time. R. Ramadan made a comment about Ashley Quigley's body, telling her she was looking good, she lost a lot of weight, but now her ass was gone.

61.     Ashley Quigley complained to Judy Lepper and R. Ramadan about Garrison.

62.     Defendants suspended then fired Ashley Quigley shortly after a complaint about sexual harassment was made to IHOP's corporate headquarters and another female waitress, Brianne Timmons, filed a Charge of Discrimination.

### g. Lindsey Quigley

63.     Lindsey Quigley worked as a waitress at the Glen Carbon IHOP.

64.     During the course of Lindsey Quigley's employment, Garrison offensively touched Lindsey Quigley in a sexual manner based on her gender: Garrison hugged her, forced her into the freezer and put his hands on her breasts. L. Quigley told Garrison to get off her.

65.     Even after Lindsey Quigley complained to R. Ramadan about Garrison's conduct, Garrison's conduct continued, as Garrison continued to make unwanted offensive sexual statements to her based on her gender, such as "Ohhh, look at that ass."

66.     After L. Quigley complained about Garrison to R. Ramadan, R. Ramadan began harassing her because of her gender, slapping her on her buttocks when she walked past him. L. Quigley would tell R. Ramadan to stop. R. Ramadan would laugh and say he was "just playing."

67.     L. Quigley observed Garrison making offensive sexual comments or offensively touching other female employees.

### h. Tracy Quigley

68.     Tracy Quigley worked as a waitress and manager at the Glen Carbon IHOP.

69.     During her employment, she was subjected to offensive touching and comments based on her gender. Humberto, one of the employees at the Glen Carbon IHOP, told T. Quigley that he liked it when she wore certain pants and when she did so, he would go to the bathroom and "jack off." Humberto touched T. Quigley offensively on her buttocks.

70.     T. Quigley accompanied female employees into the walk-in freezer to try to assure their safety from the sexual harassment they were experiencing.

71.     When T. Quigley told Manager Judy Lepping of her problems with Garrison, Lepping said to suck it up and that if she [T. Quigley] let them grab her ass, they would work good for her.

72.     In around March 2013, R. Ramadan came to the Glen Carbon IHOP and smacked and pinched T. Quigley's buttocks.

73.     In around March 2013, Nikki Strasen called IHOP corporate headquarters and complained about the sexual harassment situation. Shortly thereafter, Judy Lepping instructed T. Quigley to write bad things about Strasen to justify her firing because of Strasen's call. T. Quigley refused and was demoted

shortly thereafter, with Lepping telling T. Quigley that if she [T. Quigley] wasn't going to have their back, they weren't going to have hers.

74.      Defendants fired T. Quigley shortly after her counsel notified defendants of multiple claims, at least one other Charge had been filed, and multiple employees had called IHOP headquarters complaining about sexual harassment.

### i. Nikki Strasen

75.      Nikki Strasen worked as a waitress at the Glen Carbon IHOP.

76.      Nikki Strasen is deceased and her father, Robert Strasen, is opening an estate and will be Special Administrator.

77.      N. Strasen's coworker subjected her to unwanted offensive sexual conduct because of her gender. Garrison made sexual comments to N. Strasen such as, "You make me hot," while gesturing as though his penis was erect. He talked about going into the bathroom and "jerking off" while thinking about her behind and that he liked the way her pants accentuated her "ass."

78.      In around January 2013, Garrison grabbed N. Strasen's buttocks.

79.      N. Strasen witnessed Garrison harassing other female employees and knew that T. Quigley was escorting employees into the freezer to protect them.

80.      On or about March 8, 2013, Garrison grabbed N. Strasen's buttocks. N. Strasen immediately complained to Judy Lepper who told N. Strasen to suck it up.

81.      The next day, N. Strasen called IHOP headquarters and complained

about Garrison grabbing her buttocks and other girls' buttocks.

82.     K. Ramadan tried to get N. Strasen to call IHOP headquarters back. She never did.

83.     On or about March 12, 2013, defendants removed N. Strasen from the schedule, firing her.

### j. Donna Warnecke

84.     Donna Warnecke worked as a hostess at the Glen Carbon IHOP.

85.     Warnecke's coworker, Garrison, subjected Warnecke to unwanted offensive sexual conduct because of her gender including grabbing her buttocks and asking her to give him a hug. When Garrison grabbed Warnecke's buttocks he would first run his hands down her back and then stop and grab her buttocks.

86.     Warnecke complained to manager Nader Awwad, who said "oh, ok" in response. He did nothing in response to other complaints Warnecke made.

87.     Warnecke saw Garrison physically harassing other female employees and heard them complain about the touching.

### B. Alton, Illinois IHOP (Store 2103)

88.     Defendants created a hostile work environment for a male employee, plaintiff-intervenor Charles Schlottner, based on his gender, at the Alton, Illinois IHOP, as described in Subpart B.

89.     Charles Schlottner worked as a cook at the Alton IHOP.

90.  On multiple occasions, Schlottner's supervisor, Bassam Ramadan "Sam,"

subjected Schlottner to unwanted, offensive touching based on Schlottner's gender. Several times, Sam grabbed Schlottner's buttocks and genitals. When Schlottner asked why, Sam said he was "fascinated" by Schlottner's genitals.

91.     Schlottner opposed Sam's conduct, rejecting his advances, and filed a Charge of Discrimination.

92.     Schlottner complained about the harassment to the IHOP corporate hotline.

93.     Defendants thereafter reduced Schlottner's work hours.

94.     Schlottner ultimately resigned, finding the working conditions so intolerable as to constitute a constructive discharge.

## Claims Against Defendants

## Count I

## Title VII—Sex Discrimination Against 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC

95.     Plaintiffs incorporate Paragraphs 1-94 as though fully set forth herein.

96.     Defendants 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC discriminated against plaintiffs because of their sex in violation of Title VII by creating a hostile work environment based on their respective genders.

97.     Defendants' violation of Title VII was malicious or in reckless disregard of plaintiffs' federally protected rights.

98.     As a direct and proximate result of defendants' conduct plaintiffs have been damaged in that they have lost wages, benefits, and suffered loss of enjoy-

ment of life, humiliation, embarrassment, and other non-pecuniary losses.

WHEREFORE, plaintiff-intervenors ask for judgment in their favor and against defendants 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC in an amount to be established at trial for compensatory and punitive damages, equitable relief, reinstatement or equitable frontpay if appropriate, fees, costs, and other relief as the court deems appropriate.

## Count II

### Title VII—Retaliation Against 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC

99. Plaintiffs incorporate Paragraphs 1-94 as though fully set forth herein.

100.    Defendants 2098 Restaurant Group, LLC and 2103 Restaurant Group, LLC retaliated against plaintiffs Nikki Strasen, Charles Schlottner, Tia Jenkins, Lauren Hurst, and Tracy Quigley because of their opposition to practices they reasonably believed were unlawful under Title VII or because of Charge filing, in violation of Title VII.

101.    Defendants' violation of Title VII was malicious or in reckless disregard of plaintiffs' federally protected rights.

102.    As a direct and proximate result of defendants' conduct plaintiffs have been damaged in that they have lost wages, benefits, and suffered loss of enjoyment of life, humiliation, embarrassment, and other non-pecuniary losses.

WHEREFORE, plaintiff-intervenors ask for judgment in their favor and against defendants 2098 Restaurant Group, LLC and 2103 Restaurant Group,

LLC in an amount to be established at trial for compensatory and punitive damages, equitable relief, reinstatement or equitable frontpay if appropriate, fees, costs, and other relief as the court deems appropriate.

<u>Count III</u>

<u>Illinois Gender Violence Act 740 ILCS 82, *et seq.* Against All Defendants</u>

103.    Plaintiffs incorporate Paragraphs 1-94 as though fully set forth herein

104.    Defendants Garrison, Humberto, Nader, R. Ramadan, K. Ramadan, and B. Ramadan caused multiple harmful and offensive contacts against Plaintiffs Vickie Clark, Tia Jenkins, Madison Miller, Megan O'Brien, Ashley Quigley, Lindsey Quigley, and Tracy Quigley, Nikki Strasen, Donna Warnecke, and Charles Schlottner.

105.    Defendant K. Ramadan assisted in the acts of sexual violence that he did not personally commit by encouraging said acts against Plaintiffs, failing to intervene to stop said acts, refusing to discipline those committing said acts, and fostering an environment where Plaintiffs could be repeatedly victimized.

106.    Defendant R. Ramadan assisted in the acts of sexual violence that he did not personally commit by encouraging said acts against Plaintiffs, failing to intervene to stop said acts, refusing to discipline those committing said acts, and fostering an environment where Plaintiffs could be repeatedly victimized.

107.    Defendant B. Ramadan assisted in the acts of sexual violence that he did not personally commit by encouraging said acts against Plaintiffs, failing to

intervene to stop said acts, refusing to discipline those committing said acts, and fostering an environment where Plaintiffs could be repeatedly victimized.

108.    Defendant Judy Lepper assisted in the acts of sexual violence by encouraging said acts against Plaintiffs, failing to intervene to stop said acts, refusing to discipline those committing said acts, and fostering an environment where Plaintiffs could be repeatedly victimized.

109.    Based upon information and belief, Defendant IHOP, LLC assisted in the acts of sexual violence perpetrated against Plaintiffs by failing to intervene when alerted of the sexual violence being committed at Glen Carbon, Illinois IHOP and Alton, Illinois IHOP.

110.    Based upon information and belief, Defendant IHOP, LLC, knew or should have known said locations were owned and operated by individuals creating an environment where sexual violence would take place.

111.    Notwithstanding Defendant IHOP, LLC knew or should have known about the sexual violence at the Glen Carbon, Illinois IHOP and Alton, Illinois IHOP, Defendant IHOP, LLC took no action to stop the sexual violence despite notice of the same.

112.    Defendant IHOP, LLC ratified and condoned the sexual violence by failing it intervene or otherwise take action against the perpetrators of the said sexual violence.

WHEREFORE, plaintiff-intervenors, Vickie Clark, Tia Jenkins, Madison Mil-

ler, Megan O'Brien, Ashley Quigley, Lindsey Quigley, Tracy Quigley, Nikki Strasen,

Donna Warnecke, and Charles Schlottner, ask for judgment in their favor and

against all defendants in an amount to be established at trial for compensatory and

punitive damages, equitable relief, fees, costs, and other relief as the court deems

appropriate.

/s / Ferne P. Wolf
Ferne P. Wolf, 6209237
fw@sowerswolf.com
D Eric Sowers, Mo 24970
Jill A. Silverstein, Mo 34433
js@sowerswolf.com
Joshua M. Pierson, 6313729
jp@sowerswolf.com
Sowers & Wolf, LLC
530 Maryville Centre Dr., Suite 460
St. Louis, MO 63141
314 744-4010

Edward W. Unsell, 3124228
Joshua R. Evans, 6318288
The Unsell Law Firm, P.C.
69 S. 9th Street
East Alton, Illinois 62024
office@unselllaw.com
618 259-3728

### Certificate of Service

I certify that a copy of the foregoing Complaint in Intervention was served by email on the following counsel of record on February 15, 2018:

Philip C. Graham pgraham@sandbergphoenix.com
Benjamin R. Wesselschmidt bwesselschmidt@sandbergphoenix.com
Jennifer L. Arendes jennifer.arendes@eeoc.gov
Grant R. Doty grant.doty@eeoc.gov
Felix Miller felix.miller@eeoc.gov
Bradley S. Fiorito bradley.fiorito@eeoc.gov
Donna L. Harper dharper@sedeyharper.com

/s / Ferne P. Wolf