IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | ) Case No. 3:17-cv-1002-DRH-DGW |
| VICKIE CLARK, LAUREN HURST, TIA JENKINS, MADISON MILLER, MEGAN O'BRIEN, ASHLEY QUIGLEY, LINDSEY QUIGLEY, TRACY QUIGLEY, CHARLES SCHLOTTNER, ROGERT STRASEN, DONNA WARNECKE, AND BRIANNE TIMMONS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Intervenor-Plaintiffs | )<br>) |
| v. | )<br>) |
| 2103 RESTAURANT GROUP, LLC, 2098 RESTAURANT GROUP, LLC, KHALID RAMADAN, RAMI RAMADAN, BASSAM RAMADAN, ERNESTO XIVIR, HUMBERTO CUDENA, JUDY LEPPING NADER AWWAD, INTERNATIONAL HOUSE OF PANCAKES, LLC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>)<br>) |

## CONSENT DECREE

1. On September 20, 2017, Plaintiff Equal Employment Opportunity

Commission ("EEOC") instituted this action alleging that 2098 Restaurant Group,

LLC and 2103 Restaurant Group, LLC ("Defendants") subjected Brianne Timmons,

EXHIBIT A

Tracy Quigley, Ashley Quigley, Lindsey Quigley, Donna Warnecke, Megan O'Brien, Vickie Clark, Lauren Hurst, Tia Jenkins, Nicki Strasen, Madison Miller, Charles Schlottner (collectively "the Intervenors") and other female employees to unlawful sexual harassment while they were employed by Defendants and constructively discharged Ms. Timmons and Ms. O'Brien in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Intervenors have intervened in this lawsuit alleging, among other things, that Defendants subjected them to unlawful harassment based on sex in violation of Title VII and the Illinois Human Rights Act and violated the Illinois Gender Violence Act.

2. The EEOC, Intervenors, and Defendants, having negotiated in good faith and with a desire to resolve the instant controversy without the further expense, delay, and burden of litigation, have jointly proposed this Consent Decree to resolve all claims in this case.

3. Accordingly, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Decree, and (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit or directly related to this lawsuit among the parties.

**THEREFORE IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## I. EQUITABLE RELIEF

4. In all matters arising from or relating to employment, Defendants shall not engage in any employment practice which unlawfully discriminates against or harasses any employee or applicant on the basis of sex in violation of Title VII, nor shall Defendants retaliate against anyone who opposes discrimination or participates in the equal employment opportunity process.

5. Defendants and their officers, management (including supervisory employees), successors and assigns and all those retained to perform tasks required by this Consent Decree are enjoined from: (i) discriminating against or harassing employees based on sex in any aspect of employment; (ii) engaging in or being a party to any action, policy or practice that is intended to or is known to have the effect of harassing or intimidating any employee on the basis of gender; and (iii) creating, facilitating or permitting the existence of a work environment that is hostile to any employee based on gender, including offensive comments and/or conduct of a sexual nature.

Defendants shall promptly investigate and take remedial action in response to employee complaints of discrimination and/or harassment. Such remedial action shall in respect to the harasser include: (i) discipline, including demotion and discharge, (2) reassignment, and (3) training and counseling. Defendants and its managers and supervisory employees shall not indicate in any manner that any employee must tolerate or endure unwelcome sexual comments or conduct or that acquiescence to

such comments and conduct is in an employee's interest. Defendants and its managers and supervisory employees shall immediately assure any employee who reports sexual harassment, that the report shall be immediately and thoroughly investigated, that the employee will be informed of the results of the investigation, and that the employee will not experience any negative action for having reported the sexual harassment.

6. Defendants and their officers, management (including supervisory employees), successors and all of those retained to perform tasks required by this Consent Decree are hereby prohibited from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant because he or she opposed any practice made unlawful under Title VII; filed a charge of discrimination against Defendants; testified or participated in any manner in an investigation (including without limitation an internal investigation by Defendants), proceeding or hearing relating to any claim of sex discrimination, including sexual harassment; or seeks and/or receives any monetary or non-monetary relief under this Decree.

### III. MONETARY RELIEF

7. The payments set forth in paragraph 9 below shall be made within thirty (30) days of entry of this Consent Decree. If such payments are not made within that time period, a judgment shall be entered against Defendants for all unpaid amounts.

8. Defendants will not condition the receipt of individual monetary relief to the five aggrieved individuals listed in paragraph 9 upon their agreement to: (a)

maintain as confidential the terms of this Decree or the facts of the case; (b) waive his/her statutory right to file a charge for future conduct with any federal or state anti-discrimination agency; (c) refrain from reapplying for employment with Defendants; or (d) sign a non-disparagement agreement.

9. Within thirty (30) days of entry of this Consent Decree, Defendants shall pay the total gross sum of $875,000 to the Unsell Law Firm, P.C. This amount shall be distributed to the plaintiff-intervenors as set forth in Exhibit B. Defendants shall also mail via certified mail separate checks in the amount of $5,000 to the following aggrieved individuals: Kelsea Seets, Sherry Seets, Gariann Hanlon, Gianna Grettler and Alesha Brown. Defendants shall issue a Form 1099 in the amount of each payment.

10. Within ten (10) business days of issuing the checks, Defendants will furnish a copy of each check and related correspondence to the EEOC.

11. All sums paid pursuant to this Consent Decree constitute compensatory damages within the meaning of Section 104(a)(2) of the Internal Revenue Code.

12. On June 18, 2018, Defendants paid $75,000 to Brianne Timmons. This payment satisfies and resolves the EEOC's claims for monetary relief for Timmons and Timmons' own claims in intervention.

### IV. POLICIES, PRACTICES AND PROCEDURES

13. Within thirty (30) days of the Court's entry of the Consent Decree, Defendants shall implement a written sexual harassment and sex discrimination policy which at a minimum shall:

    a.    Expressly prohibit discrimination and harassment based on gender;

    b.    Provide a clear explanation of prohibited conduct, including examples;

    c.    Set forth a clear description of the proper procedure to file an internal harassment complaint with Defendants with multiple, accessible avenues of complaint;

    d.    State that Defendants have zero tolerance for sexual harassment;

    e.    Provide that Defendants will protect the confidentiality of harassment complaints to the extent possible;

    f.    State that Defendants will impose discipline, up to and including termination, upon any employee who fails to adhere to the anti-discrimination/retaliation policies;

    g.    Hold accountable any manager or supervisor who knowingly permits prohibited conduct to occur in his or her workplace;

    h.    State that employees who make complaints or provide information related to complaints, witnesses and others who participate in the investigation will be protected from retaliation; and

    i.    The policy shall be written in clear, simple language.

14. A copy of this sexual harassment policy shall be distributed to all new employees when hired. Defendants will require each employee to sign an acknowledgement that the policy has been read and understood.

15. Within sixty (60) days of the Court's entry of the Consent Decree and annually during the term of the Decree, Defendants will mail a letter to all current

employees signed by owner Khalid Ramadan (or his successor) enclosing a copy of the policy prohibiting sexual harassment. The letter shall contain a strongly worded statement affirming Defendants' commitment to combating sexual harassment and discrimination. The letter will explain that each employee has the right to complain about sexual harassment, whether directed against him or her or to another employee, that the complaints can be made to the Human Resources Coordinator or any management employee, and that Defendants will not retaliate against any employee who makes complaints of sexual harassment.

16. Within sixty (60) days of entry of the Consent Decree, Defendants shall implement written policies and procedures for reporting and investigating claims of discrimination and harassment. At a minimum, such policies and procedures shall:

    a.    encourage employees to report violations of Defendants' policies against discrimination, including sexual harassment;

    b.    provide multiple convenient, confidential and reliable mechanisms for reporting violations of the policies against discrimination;

    c.    designate the Human Resources Coordinator and all management and supervisory employees as persons who may be contacted to report violations of the policies against discrimination;

    d.    provide the owner's phone number and the IHOP corporate hotline number for the reporting of violations of the policies against discrimination;

e. require every manager, supervisor or other employee who receives a report of discrimination, even an anonymous report, to take such reports seriously and immediately forward the complaint to the Human Resources Coordinator and Khalid Ramadan;

f. allow reports of discrimination to be made both orally and in writing;

g. specify a timetable for the commencement of an investigation after a complaint is made or received, a timetable for the completion of an investigation, a timetable for completion of written findings of the results of the investigation; and a timetable for remedial action to be taken upon conclusion of an investigation;

h. require prompt communication of the results of the investigation, including any remedial or disciplinary action taken or proposed, to the complaining party;

i. require discreet investigations and interviews with employees who report discrimination/harassment in such a way as not to embarrass, intimidate or harass the employee;

j. provide for appropriate remedial action to resolve complaints of harassment or discrimination and to avoid further harassment or discrimination;

    k. provide for disciplinary action for all violations of the policies against discrimination, including but not limited to demotion, suspension without pay or termination; and

    l. provide a system for employees to appeal Defendants' findings and actions after investigating a report of discrimination or harassment.

17. Defendants' owner shall be responsible for the implementation, distribution and enforcement of the policies required by this Decree; documentation and investigation of complaints of sexual harassment; employee training; and other requirements of this Consent Decree. The owner shall retain a qualified Human Resources consultant or employment attorney to assist in compliance with all aspects of this Decree. Defendants' owner shall receive and investigate all complaints of sexual harassment, prepare written findings of such investigations, recommend remedial and disciplinary actions to be taken as a result of such findings, if appropriate; work with outside legal counsel or other HR consultant; and maintain documentation concerning all complaints of sexual harassment and related investigations.

18. Within one hundred and twenty (120) days of the entry of the Consent Decree, Defendants shall assess their workplaces for the risk factors associated with sexual harassment and explore ideas for minimizing those risks. Defendants shall prepare a report within 120 days of entry of this Decree, outlining their findings and recommendations, and provide a copy of the report to the EEOC along with a

statement regarding which recommendations Defendants will adopt and an explanation of how and when those recommendations will be implemented.

19. Within ninety (90) days of completion of the requirements in paragraphs 13-17, Defendants will mail signed certification of compliance with those paragraphs, including copies of the new policies and the letter to the EEOC.

## V. EEO TRAINING

21. Within ninety (90) days of the Court's entry of the Consent Decree and annually thereafter, Defendants shall cause their management and supervisory employees and their owner to attend three (3) hours of sexual harassment prevention training. The training shall be conducted live by a qualified and interactive trainer. As part of such training, each employee shall be instructed that he or she must fully comply with Defendants' sexual harassment policy and must promptly report to Defendants' owner and the Human Resources Coordinator any and all conduct that may constitute unlawful harassment and all complaints alleging employment discrimination, and that failure to do so will result in discipline up to and including termination. The training shall emphasize that any and all conduct that may constitute unlawful sexual harassment or retaliation shall be grounds for immediate discipline, including demotion and termination, and that each management/supervisory employee's performance and future salary increases and bonuses will be based in part on effectively implementing Defendants' sexual harassment policy.

22. Within ninety (90) days of the Court's entry of the Consent Decree, an outline and description of the training and the training materials shall be provided to the EEOC.

23. Within ninety (90) days of the Court's entry of the Consent Decree, and annually thereafter, Defendants shall cause all non-management employees to attend two (2) hours of employment discrimination training with a focus on sexual harassment. As part of such training, each employee shall be instructed that he or she must fully comply with Defendants' sexual harassment policy. The training shall emphasize that any and all conduct that may constitute unlawful sexual harassment or retaliation shall be grounds for immediate discipline, including demotion and termination. The training shall be conducted live by a qualified trainer and shall cover in detail sexual harassment, workplace civility and bystander intervention training, descriptions of the complaint process, including the options for reporting harassment or discrimination.

24. Within ninety (90) days of the Court's entry of the Consent Decree, an outline and description of the training and the training materials shall be provided to the EEOC.

25. For the training required in paragraphs 21 and 23 above, Defendants shall create and maintain for three years sign-in sheets showing which employees attended such training and the dates the training was provided.

26. Within ninety (90) days of entry of this Decree and then thirty (30) days after each subsequent (annual) training session, Defendants will provide signed

certification of compliance with all training requirements, along with the name and qualifications of the trainers, and the lists of employees who received the training to the EEOC.

## VI. RECORDS OF SEXUAL HARASSMENT COMPLAINTS

27. For the duration of the Consent Decree, Defendants shall maintain records of any and all sexual harassment complaints made by Defendants' employees, including all information provided by the employee regarding his/her complaint and by any witnesses, all documents concerning Defendants' investigation of the complaint, a conclusion as to whether or not discrimination or harassment occurred, and if the employee is no longer employed by Defendants, the date and reason for the employee's separation from employment. Defendants shall produce reports containing this information quarterly to the EEOC for the duration of this Consent Decree.

## VII. NOTICE REQUIREMENT

28. Defendants shall immediately post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulations, 29 C.F.R. §1601.30.

29. Within thirty (30) days of the entry of the Consent Decree, Defendants' owner, Khalid Ramadan, shall sign and conspicuously post the Notice to Employees ("Notice) attached hereto as Exhibit A. The Notice shall be posted in two locations at each of Defendants' facilities accessible to all employees and distributed to all employees either by including a copy with their employee paystubs or handing it to employees. Defendants will provide the EEOC a signed copy of the Notice with the

date of posting and certification the Notice was posted and identifying the posting locations. The EEOC may enter Defendants' facilities to confirm the posting requirements are being met. Should the Notice become defaced, marred or otherwise unreadable, Defendants shall post a new, legible copy of the Notice within five (5) business days of learning of the defacement.

## VIII. REPORTING AND MONITORING

30. For the duration of the Consent Decree, Defendants shall allow representatives of the Equal Employment Opportunity Commission to inspect Defendants' facilities and randomly interview any of their employees to ensure compliance with the Consent Decree. Defendants shall also allow the EEOC to review files and copy documents required to be maintained by this Consent Decree. Such review of compliance and interviews shall be initiated by written notice to the attorney of record for Defendants at least five (5) business days in advance of any such inspection or interview.

31. All certifications, notices, reports and other materials required to be submitted to the EEOC under this Decree shall be mailed to Andrea G. Baran, Regional Attorney, U.S. Equal Employment Opportunity Commission, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103 with electronic copies emailed to: EEOC-SLDO-decree-monitoring@eeoc.gov.

## IX. EMPLOYMENT OF R. RAMADAN, B. RAMADAN, E. XIVIR, H. CUDENA, AND N. AWWAD

32. Defendants shall immediately terminate the employment of Rami Ramadan, Bassam Ramadan, Ernesto Xivir/Exavir (aka Garrison or Gerson), Humberto Cudena/Caldena, and Nader Awwad and shall not employ any of them in any capacity or allow any of them upon Defendants' premises during the term of the Consent Decree.

## X. MISCELLANEOUS PROVISIONS

33. This Decree shall be in effect for a period of four (4) years and may be extended by petition to the Court by the Commission and upon a showing by the Commission that the applicable standard for modifying and extending a consent decree is satisfied. Defendants shall not be prohibited from seeking the agreement of the EEOC to terminate this Consent Decree after the passage of three years, if in the judgment of the EEOC such termination may be warranted. This Court shall retain jurisdiction over this matter for purposes of compliance and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities.

34. The terms of this Decree shall be binding upon Defendants' present and future owners, directors, members, officers, managers, agents, employees, successors and assigns. For the duration of this Decree, Defendants and any successor(s) shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with them or any proposed successor, prior to any such acquisition, merger or succession.

**IT IS SO ORDERED.**

DATE: _____

_____

UNITED STATES DISTRICT JUDGE

ENTERED AND APPROVED:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Andrea G. Baran*
ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

JENNIFER L. ARENDES, MO Bar No. 46638
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
Telephone: 314-539-7914
Facsimile: 314-539-7895

FOR PLAINTIFF-INTERVENORS

*[signature]*

D. ERIC SOWERS
FERNE P. WOLF
SOWERS & WOLF, LLC
530 Maryville Centre Drive, Suite 460
St. Louis, Missouri 63141
Telephone: 314-744-4010
Facsimile 314-744-4026

*[signature]*

EDWARD W. UNSELL
JOSHUA R. EVANS
THE UNSELL LAW FIRM, P.C.
69 S. 9th Street
East Alton, Illinois 62024
Telephone: 618-259-3728

FOR DEFENDANTS 2098 RESTAURANT GROUP AND 2103 RESTAURANT GROUP

*[signature]*

Khalid Ramadan, Managing Member

*[signature]*

PHILIP C. GRAHAM
BENJAMIN R. WESSELSCHMIDT
SANDBERG PHOENIX & VON GONTARD P.C.
600 Washington Avenue, 15th Floor
St. Louis, Missouri 63101
Telephone: 314-231-3332
Facsimile: 314-241-7604

16

EXHIBIT A

## NOTICE TO ALL EMPLOYEES

This Notice is being posted as part of the remedy provided by the Consent Decree entered in the lawsuit *EEOC et al. v. 2098 Restaurant Group, LLC et al.*, Civil Action No. 3:17-cv-1002-DRH (S.D. Ill.).

Federal law states that your employer, including a supervisor, manager or coworkers, cannot treat you differently or harass you on the basis of your:

SEX
RACE
NATIONAL ORIGIN, ETHNICITY OR COLOR
DISABILITY
OR
AGE (FORTY AND OVER)

2098 Restaurant Group, LLC [2103 Restaurant Group, LLC] operates the IHOP restaurant in Glen Carbon [Alton], Illinois. 2098 Restaurant Group [2103 Restaurant Group] supports and will comply with such Federal laws in all respects and will not tolerate any kind of unlawful harassment or discrimination.

Further, 2098 Restaurant Group [2103 Restaurant Group] also does not tolerate retaliation against any employee or job applicant because that individual reports, protests or opposes any employment practice which he/she believes to be unlawful under federal or state law.

Job applicants and employees who report discrimination, harassment and/or retaliation by any supervisor, other managers, or employees in the own right be taken. [illegible]

**Andrea G. Baran, Regional Attorney**
**U.S. Equal Employment Opportunity Commission**
St. Louis District Office
1222 Spruce Street, Rm 8.100
St. Louis, MO 63103
(314) 539-7910 (direct telephone)
EEOC-SLDO-decree-monitoring@eeoc.gov
1-800-669-4000; info@eeoc.gov; www.eeoc.gov

_____          _____
Date                                                    Khalid Ramadan

**EXHIBIT B – TO BE FILED UNDER SEAL**